Okey, J.
Where an act is made punishable by fine and imprisonment, the words in which the offense is defined and punishment prescribed must be strictly construed, whether they are found in a statute or in an ordinance or by-law. And general words following particular and specific words, must, ordinarily, be confined to things of the same kind as those specified. Bishop’s Written Laws, §§ 245, 246 ; Hai’d. Const. Stats. 83 ; Maxw. Int. Stats. 297; Denbow v. The State, 18 Ohio, 11. Thus, in R. v. Cleworth, 4 B. & S. (116 E. C. L.) 927, Coekburn, C. J., said : “ There is a general expression, ‘ other person whatsoever ;’ but, according to a well established rule in the construction of statutes, general terms following particular ones apply only to such persons or things as are ejusd,em generis with those comprehended in the language of the legislature.” True, this rule is not to be employed in any *664 case to defeat the plain intent of the general assembly (Woodworth v. The State, 26 Ohio St. 196; R. v. Edmundson, 28 L. J. 213, M. C.), but tbe rule seems to be strictly applicable here. And, according to a general rule equally applicable, sucb general words, following particular descriptive words, do not include such a partition, for the further reason that it is of a more permanent and important character than the things specifically mentioned. Ib.; Canterbury's case, 2 Coke, 46 b. Obviously, if the partition had been placed in the building at the time it was erected, an attempt to punish Shultz for failing to remove such part of his house, would have been mere usurpation of power; and we are unable to see that the case supposed is materially different from the case presented. We are perfectly clear that the words, “blind, screen, painted or frosted glass, shade, curtain, or other device,” do not embrace such a partition. The further question presented,— that is, whether the ordinance is reasonable and consistent with the policy of the state as declared in the statutes, — we need not determine.

Judgment reversed.